# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

RUPERT STAMPS, *Inmate Identification No.* 443-308, *SID No.* 415-6306,

    Plaintiff,

v.

S. SHANE WEBER,
JONATHAN HESS, and
JOHN DOE, *WCI Psychiatrist Dept.*,

    Defendants.

Civil Action No. TDC-16-2093

## MEMORANDUM OPINION

Plaintiff Rupert Stamps, an inmate at Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed a civil rights action pursuant to 42 U.S.C. § 1983 in which he complains that he has received inadequate mental health care for depression, in violation of the Eighth Amendment to the United States Constitution. Defendants Shane Weber and Jonathan Hess have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. That Motion is now ripe for disposition, and no hearing is necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, the Motion is GRANTED, and the claims against Defendant John Doe, who has yet to be served with the Complaint, are DISMISSED.

## BACKGROUND

The material facts of this case are not in dispute. Prior to his December 18, 2015 transfer to WCI, Stamps was prescribed Lexapro to treat depression. On December 23, 2015, a psychiatrist at WCI, designated by Stamps as Defendant John Doe, renewed his Lexapro prescription. Defendant Doe, who was responsible for Stamps's mental health medication, is

employed by a private mental health services provider under contract to the Maryland Department of Public Safety and Correctional Services. The WCI dispensary did not fill the prescription because Lexapro is a non-formulary medication. As a result, on January 6, 2016, Defendant Doe prescribed Celexa to Stamps as a substitute for Lexapro. Stamps refused the medication, citing "18 to 25" serious side effects of the drug. Supp. Compl. at 4, ECF No. 6. According to Stamps, Defendant Doe did not follow up with him about the new prescription or his general health and did not comply with WCI general procedures for care of inmates with chronic mental health conditions. Stamps has not specified the procedures to which the psychiatrist allegedly failed to adhere. Stamps further asserts that as a result of the prescription change, he was without depression medication for 18 days, causing him distress.

Stamps filed a grievance about his prescription change. On February 4, 2016, he was seen by a regional psychiatrist in response to that grievance. At that meeting, Stamps asserted that he had been denied his medication for three weeks. He was again offered Celexa as a substitute for Lexapro, but again refused.

On March 7, 2016, Stamps met with Defendant Hess, a Correctional Psychology Associate, about his antidepressant prescription. Hess is not licensed to prescribe medications. Stamps asserts that when he recounted his difficulties with receiving Lexapro, Hess laughed in response. Hess denies laughing at Stamps or otherwise acting in an unprofessional manner. Stamps also asserts that he asked Hess for a copy of his mental health treatment records but was refused.

Stamps filed a grievance about the incident, prompting a meeting on March 10, 2016 with Defendant Weber, who was then the Supervisor of Psychological Services at WCI. Weber is not licensed to prescribe medications. According to Stamps, Weber informed him that he stood by

2

Hess, whom he allegedly described as a "dear friend," and denied Stamps's grievance. Supp. Compl. at 5. For his part, Weber asserts that he explained to Stamps that prison regulations did not permit Stamps to access his mental health records, but that he could be provided a summary of his record. According to Weber, Stamps became angry, prompting Weber to terminate the meeting.

On March 30, 2016, Hess attempted to meet with Stamps to provide him with a treatment summary that he had prepared, but Stamps refused to meet. According to a treatment summary dated June 7, 2016, Stamps was not receiving any mental health medication at that time.

Stamps complains that neither Weber nor Hess followed WCI general procedures for care of inmates with chronic mental health conditions, but he does not specify the procedures to which they allegedly failed to adhere. He asserts that both Weber and Hess were unprofessional in their dealings with him, an allegation that both deny, and that Weber failed adequately to supervise Hess.

## DISCUSSION

In his Complaint under 42 U.S.C. § 1983, Stamps asserts that Weber and Hess have failed to provide him adequate mental health treatment such that they have been deliberately indifferent to his serious medical condition, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Stamps seeks monetary relief. In their Motion, Weber and Hess assert that Stamps's claim should be dismissed, or summary judgment entered in their favor, because Stamps has failed to state and establish a viable Eighth Amendment deliberate indifference claim. Defendant John Doe, the WCI psychiatrist who initially prescribed Stamps Lexapro and then changed that prescription to Celexa, has not been served with the Complaint.

I.  **Legal Standard**

Defendants Weber and Hess have moved to dismiss Stamps's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. Where, as here, the nonmoving party has not made a persuasive case that discovery is required, the record appears to be complete, and there is no dispute between the parties on the material elements of the record, it is appropriate to consider Defendants' Motion as a motion for summary judgment. *See Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2015) (noting that a court should hesitate to proceed to summary judgment when there is "necessary information" that might be obtained in discovery); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (stating that if a non-moving party believes that further discovery is necessary before consideration of summary judgment, that party must file a Rule 56(d) affidavit, and "the failure to file an affidavit ... is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate") (citations omitted).

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the

governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

Because Stamps is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citing *Celotex*, 477 U.S. at 323–24).

## II. Defendants Weber and Hess

Stamps alleges that the failure to maintain his Lexapro prescription violated the Eighth Amendment to the Constitution. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. A prison official violates the Eighth Amendment when the official shows "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To be "serious," the condition must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson*, 775 F.3d at 178 (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson*, 775 F.3d at 178 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[I]t is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citations omitted). Thus, a deliberate indifference claim has both an objective component—that there objectively exists a serious

medical condition and an excessive risk to the inmate's health and safety—and a subjective component—that the official subjectively knew of the condition and risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1978) (holding that an official must have "knowledge" of a risk of harm, which must be an "objectively, sufficiently serious").

Deliberate indifference is an "exacting standard" that requires more than a showing of "mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson*, 775 F.3d at 178; *Rich v. Bruce*, 129 F.3d 336, 339 (4th Cir. 1997) (finding that even when prison authorities are "too stupid" to realize the excessive risk their actions cause, there is no deliberate indifference). To constitute deliberate indifference to a serious medical need, the defendant's actions "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. "Questions of medical judgment are not subject to judicial review." *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (per curiam). The right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977).

Weber and Hess do not dispute that Stamps has a serious medical condition, specifically his depression, which requires treatment. They deny, however, that they failed to treat it adequately and thereby acted with "deliberate indifference" to a serious medical need. *See Estelle*, 429 U.S. at 104. Stamps's deliberate indifference claim is based on his complaint that he was provided with Celexa, not Lexapro, to treat his depression. The claim fails for two reasons.

First, Weber and Hess are not licensed to prescribe medication. Because Weber and Hess did not and could not prescribe Stamps any medication, Stamps has failed to allege facts that would allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, neither Weber nor Hess had a supervisory role over Stamps's prescribing psychiatrist, who works for a private mental health services provider, so they cannot be held liable for any of the psychiatrist's prescribing decisions.

Second, even if Weber and Hess played a role in prescribing medication for Stamps, the course of treatment reveals no deliberate indifference. Although Stamps was apparently frustrated that his medication was changed without what he believes was a thorough explanation of the reason for the change, the differences between Lexapro and Celexa, and the possible side effects of his new medication, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Where Stamps was, in fact, prescribed depression medication in the form of Celexa, there are no exceptional circumstances that would support a deliberate indifference claim.

Finally, Stamps alleges that Weber and Hess laughed at him or otherwise acted unprofessionally during their interactions with him. Although Weber and Hess deny these allegations, the Court must accept them as true for purposes of the Motion. *Anderson*, 477 U.S. at 255. Such conduct, although offensive to Stamps, states no claim of constitutional dimension. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam) (holding that allegations that a sheriff had laughed at and threatened to hang an inmate were insufficient to state a § 1983 claim); *Ellingburg v. Lucas*, 518 F. 2d 1196, 1197 (8th Cir. 1975) (per curiam) (holding that a prisoner's allegations that a prison employee had called him an obscene name failed to state a

plausible § 1983 claim). The Motion, construed as one for summary judgment, will therefore be granted.

### III. Defendant Doe

The Court notes that Stamps has also sued, but has not yet served, a defendant identified as "John Doe, WCI Psychiatrist Dept.," referenced in the Supplement to the Complaint as the psychiatrist who prescribed Lexapro and then Celexa for Stamps. Because Stamps is a prisoner, the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1) (2012).

As noted above, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright*, 766 F.2d at 849. Just as with Defendants Weber and Hess, there are no exceptional circumstances alleged that would establish deliberate indifference by the prescribing psychiatrist. Instead, Stamps's own allegations establish that within several days of his arrival at WCI, he was seen by a psychiatrist, that the psychiatrist prescribed him his normal antidepressant, and that, when the prison formulary could not fill that prescription, the psychiatrist promptly substituted another medicine. Stamps thus received timely medical attention, even if, as a result of that attention, he did not receive the drug of his choice. To the extent that the Complaint can be construed to allege that there was an undue delay in receiving a prescription from the psychiatrist, such a claim also fails. Where any alleged delay occurred immediately after Stamps was transferred to WCI, and was largely the result of Stamps's refusal to accept any medication other than Lexapro, Stamps has not asserted a plausible claim of deliberate indifference. *Estelle*, 429 U.S. at 105 (stating that "an inadvertent failure to provide adequate medical care does not amount to deliberate indifference"). Because Stamps has failed to state a plausible Eighth

Amendment claim of deliberate indifference against Defendant Doe, his claims against that Defendant will also be dismissed. *See* 18 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED, and all claims against Defendants Weber, Hess, are dismissed. All claims against Defendant John Doe are also DISMISSED. A separate Order shall issue.

Date: February 22, 2018

/s/
THEODORE D. CHUANG
United States District Judge